KUHN, APPELLEE, *v.* KUHN, APPELLANT; KUHN, APPELLEE.

(No. 8768—Decided April 11, 1960.)

*Mr. Michael A. Lacinak* and *Mr. Leo Weinberger,* for appellee.

*Mr. Donald E. Calhoun,* for appellant.

MATTHEWS, P. J. This is an appeal on questions of law from a judgment of the Probate Court in an action in which plaintiff asked the Probate Court to make a declaration of the rights of the parties under the last will and testament of Elsie M.

Kuhn, deceased, and particularly of their rights under the second and third items thereof. We quote those items:

"Second—I give, devise and bequeath to my beloved husband, Frank L. Kuhn, all that I possess or may possess at the time of my decease, real estate, money and chattels of any and every kind, with the power and privilege to sell real estate at any time he may desire.

"Third—Whatever of my estate should be left at the time of the decease of my husband Frank L. Kuhn, I want disposed of as follows: first five hundred dollars to go to our son John L. Kuhn and the balance to be divided share and share alike between my two sons John L. Kuhn and Roy A. Kuhn."

The Probate Court found that the testatrix was survived by her husband, Frank L. Kuhn, and two sons, John L. Kuhn and Roy A. Kuhn, as her only next of kin and heirs at law.

The Probate Court also found that after the death of Elsie M. Kuhn, Frank L. Kuhn died testate, leaving Vallora Kuhn as his widow, and John L. Kuhn and Roy A. Kuhn, his sons, as his only next of kin and heirs at law. His estate was in process of administration in the Probate Court of Hamilton County, Ohio, at the time of entering the decree in this declaratory action.

In the process of the administration of the estate of Elsie M. Kuhn, deceased, Frank L. Kuhn, who was the executor of her last will, applied to the Probate Court for a certificate of transfer of the real estate owned by Elsie M. Kuhn at the time of her death, and in the form used by him, under the heading, "Portion," he inserted the word "Full." And in the certificate of transfer, issued the same day by the Probate Court, under the heading, "Portion," the words, "Portion devised," were inserted. The record made of this transfer was not questioned for more than ten years, when Vallora Kuhn filed exceptions to the omission of this real estate from the inventory in the estate of Frank L. Kuhn. It is admitted that Frank L. Kuhn made no attempt to dispose of this real estate in his lifetime. It is now urged that this transfer and this delay precludes John L. Kuhn and Roy A. Kuhn from asserting any title which they might otherwise have. In other words, that

the doctrines of estoppel and waiver apply. We do not think either doctrine applies. Neither John L. Kuhn nor Roy A. Kuhn performed any act upon which Frank L. Kuhn or Vallora Kuhn relied to their detriment. Whatever right the parties had was a matter of law and public record. The proceeding to obtain a certificate of transfer lacks all the indicia of an adversary judicial proceeding between adversary parties culminating in a judgment. The application and the certificate of transfer, without notice, were filed and ordered on the same day.

And as to the lapse of time, there has been nothing in the conduct of the parties that would justify the court in applying a limitation of time short of the statutory period of twenty-one years.

So we revert to the terms of the will of Elsie M. Kuhn, deceased, as the source of the title of all the parties, and her intent must be found in the second and third items heretofore quoted.

We agree with Judge Davies of the Probate Court in his interpretation of the will of Elsie M. Kuhn. The problem presented is solely that of ascertaining her intent. When that appears, all collateral rules for ascertaining it become of no consequence. It is useless to discuss other cases involving other wills, in which other language is found. We refrain from analyzing other cases for that reason. It is trite to say that when a testator has devised the entire fee simple estate, he cannot do more, and a subsequent attempt would be futile, but that begs the question. Where both provisions are in the same will, the very question presented is whether the testator has in fact disposed of the entire fee simple by the prior provision. As was said in the early case of *Baxter, Admr.,* v. *Bowyer,* 19 Ohio St., 490, at 497 and 498:

"The first question involved is, whether, by the terms of the will, the wife took an absolute estate in fee, or only a life interest. The language of the first item, construed by itself, would undoubtedly give her a fee. But the whole will must be construed together; and in the light of the whole will, and of the surrounding circumstances, each clause is to receive its interpretation. It is only in cases of total and irreconcilable

repugnancy, that any of the provisions of a will can be rejected. It is claimed that there is such a repugnancy here, and that the two last items of this will must be stricken out, leaving the first item to stand alone as the testator's will. Having disposed of the whole estate absolutely by the first item, the other two items, it is said, are a mere attempt to do what the law will not permit, to engraft a remainder upon a fee simple estate.

"It is true that a remainder cannot be engrafted upon a fee. The true reason of this rule, however, is not because the law will not permit it, but because the thing is impossible. I cannot give the *whole* of my estate to one, and *part* of it to another. I cannot give the absolute fee to my wife, and the remainder to the church, for the same reason that I cannot give a square circle, or give nothing, because it involves an absurdity. But before this rule can be applied, it must first be well ascertained that the will in question *does*, when construed fairly, and in the light of all its provisions and surroundings, give an estate in fee. Whether this will does so, is the very question here."

This will bears intrinsic evidence of having been drafted by a person inexperienced in such matters.

In the second item, there is no express devise of an absolute title. Absence of such language, coupled with the express power and privilege to sell the real estate at any time the devisee may desire, is certainly significant. It certainly shows that the testatrix did not consider that her prior devise included her entire power over her estate.

Coming now to the third item, we find that she makes provision for what is left after her husband has had full use of her property during his lifetime, with the power to dispose of any or all of it. She "wants" what is left disposed of in a certain way which she clearly expresses. Now, "want" is said, in 92 Corpus Juris Secundum, 1071, to be defined as follows: "The primary meaning of the word 'want,' as a verb, is to feel the need of; to lack; to need or require. It has also acquired the secondary meaning of to desire or wish, and often, in common speech, to command or direct. The word may be either precatory or mandatory." Assuming that it is given a precatory

meaning, that does not prevent it from being dispositive when used in a will. In 57 American Jurisprudence, 54, Section 23, it is said: "But the precatory form of an instrument duly executed as a will is immaterial, if it has the essential elements of being a disposition of property to take effect after death. The fact that an order for the disposition of property is made in the form of a request does not render a letter nontestamentary. The use of polite or tactful expressions in indicating the disposition to be made of the writer's property at his death does not have the effect of converting an instrument otherwise testamentary in character to a nontestamentary instrument. A wish of the testator concerning the disposition of his property has been held, where clearly expressed, equivalent to a positive direction or command and to be testamentary in character. * * *''

It seems to us that the fact that she used the verb phrase, "disposed of," and followed it by very specific directions as to the entire balance of her estate, indicates that she then considered that she had not already disposed of her entire estate. She considered that something remained to make her will cover her entire estate.

Seeking her intent, we are forced to the conclusion that her intent was to give her husband a life estate, with power to dispose of the gift in his lifetime, and upon his death whatever remained should go to her two sons. To construe it otherwise, would render meaningless most of item two and all of item three.

For these reasons, the judgment of the Probate Court of Hamilton County is affirmed.

*Judgment affirmed.*

LONG and O'CONNELL, JJ., concur.